UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
U.S. COURTHOUSE, ROOM G8
LOS ANGELES, CALIFORNIA 90012

**OFFICIAL BUSINESS**

← Return

ATTEMPTED
NOT KNOWN

Deceased

Filed
RECEIVED
CLERK, U.S. DISTRICT COURT
SOUTHERN DIVISION

MAY 21 2012

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

RECEIVED
CLERK, U.S. DISTRICT COURT
MAY 17 2012
CENTRAL DISTRICT OF CALIFORNIA
BY MAIL SERVICES

CR

AG



**U.S. Department of Justice**
United States Attorney's Office
Central District of California in Riverside
3880 Lemon Street
Suite 210
Riverside, CA 92501
Phone: (951) 276-6878
Fax: (951) 276-6944

May 2, 2012

Legal Department
Suntrust Mortgage, Inc
13911 Laramie Avenue, Ste. 114
Crestwood, IL 60445

Re: United States v. GERALD L WOLFE
    Case Number 2010R02652 and Court Docket Number: 10-CR-00191

Dear Legal Department:

The enclosed information is provided by the United States Department of Justice Victim Notification System (VNS). As a victim witness professional with the United States Attorney's Office, my role is to assist you with information and services during the prosecution of this case. I am contacting you because you were identified by law enforcement as a victim during the investigation of the above criminal case.

On April 16, 2012, defendant GERALD L WOLFE, pled guilty to the charges listed below. Any remaining counts will be disposed of at the time of sentencing. As a result of the guilty plea, there will be no trial involving this defendant.

| Number of Charges | Charge | Disposition |
|---|---|---|
| 1 | Attempt and conspiracy fraud | Guilty |

Defendant GERALD L WOLFE has been sentenced by the Court. The Court ordered the defendant to the following:

Incarceration of 3 year(s) 10 month(s)
Followed by Supervised Release of 3 year(s)
Special Assessment of $100.00

The Court ordered restitution to be paid in case 2010R02652 in the total amount of $741,000.00 to Suntrust Mortgage, Inc. While the Court has ordered restitution in this case, it does not mean the defendant(s) will make restitution payments. In the event restitution payments are received from the defendant, the funds will be distributed by the Clerk of the United States District Court. It is your responsibility to keep our Office and the Clerk's Office advised of any address changes.

Through the Victim Notification System (VNS) we will continue to provide you with updated scheduling and event information as the case proceeds through the criminal justice system. You may obtain current information about this case on the VNS web site at WWW.Notify.USDOJ.GOV or from the VNS Call Center at 1-866-DOJ-4YOU (1-866-365-4968) (TDD/TTY: 1-866-228-4619) (International: 1-502-213-2767). In addition, you may use the Call Center or Internet to update your contact information and/or change your decision about participation in the notification program. If you update your contact information to include a current email address, VNS will send information to that email address. In order to continue to receive notifications, it is your responsibility to keep your contact information current.

You will use your Victim Identification Number (VIN) '**3140596**' and Personal Identification Number (PIN) '**7590**' anytime you contact the Call Center and anytime you log on to the VNS web site. If you are receiving notifications with multiple victim ID/PIN codes please contact the VNS Call Center. In addition, the

first time you access the VNS Internet site, you will be prompted to enter your last name (or business name) as currently contained in VNS. The name you should enter is Suntrust Mortgage, Inc.

      Remember, VNS is an automated system and cannot answer questions. If you have other questions which involve this matter, please contact this office at the number listed above.

Sincerely,

ANDRE' BIROTTE JR.
United States Attorney

Dolores Perez
Victim Witness Specialist

# United States District Court
## Central District of California

| | |
|---|---|
| UNITED STATES OF AMERICA vs. | Docket No. SACR 10-191-AG |
| Defendant  GERALD L WOLFE | Social Security No. 6 4 0 4 |
| akas: Wolfe, Gerald Lawrence; Wolfe Jr., Gerald L | (Last 4 digits) |

### JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| 04 | 16 | 2012 |

**COUNSEL** Thomas Bienert and Luis Feldstein, Appointed
(Name of Counsel)

**PLEA** ☐ GUILTY, and the court being satisfied that there is a factual basis for the plea. ☐ NOLO CONTENDERE ☒ NOT GUILTY

**FINDING** There being a finding/verdict of **GUILTY**, defendant has been convicted as charged of the offense(s) of: Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1349 as charged in the One Count Indictment

**JUDGMENT AND PROB/ COMM ORDER** The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that:

It is ordered that the defendant shall pay to the United States a special assessment of $100, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

Under Guideline Section 5E1.2(a), all fines are waived as the Court finds that the defendant has established that he is unable to pay and is not likely to become able to pay any fine.

It is ordered that the defendant shall pay restitution in the total amount of $7,591,800 pursuant to 18 U.S.C. § 3663A. The amount of restitution ordered shall be paid as follows: Deutsche Bank National Trust Company, $1,949,500; U.S. Bank, N.A., $2,040,800; Bank of New York, $362,000; HSBC Bank, USA $580,000; JP Morgan Chase Bank, N.A. $ 675,000; TD Bancorp $ 380,000; Suntrust Mortgage Inc. $ 741,000; Bank of America $ 200,000; Citibank, N.A. $ 663,500; **Total Restitution: $ 7,591,800**

Restitution shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. If any amount of the restitution remains unpaid after release from custody, monthly payments of at least 10% of defendants's gross monthly income, but not less than $100, whichever is greater, shall be made during the period of supervised release. These payments shall begin 30 days after the commencement of supervision.

If the defendant makes a partial payment, each payee shall receive approximately proportional payment unless another priority order or percentage payment is specified in this judgment.

Under 18 U.S.C. § 3612(f)(3)(A), interest on the restitution ordered is waived because the defendant does not have the ability to pay interest. Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

USA vs. GERALD L WOLFE    Docket No.: SACR 10-191-AG

Under the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Gerald L. Wolfe, is hereby committed on Count One of the Single-Count Indictment to the custody of the Bureau of Prisons to be imprisoned for a term of 46 months.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 05-02;

2. The defendant shall cooperate in the collection of a DNA sample from the defendant;

3. During the period of community supervision the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment;

4. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer;

5. The defendant shall not engage, as whole or partial owner, employee or otherwise, in any business involving loan programs, telemarketing activities, investment programs or any other business involving the solicitation of funds or cold-calls to customers without the express approval of the Probation Officer prior to engagement in such employment. Further, the defendant shall provide the Probation Officer with access to any and all business records, client lists and other records pertaining to the operation of any business owned, in whole or in part, by the defendant, as directed by the Probation Officer;

6. The defendant shall not be employed in any position that requires licensing and/or certification by any local, state or federal agency without prior approval of the Probation Officer;

7. The defendant shall report his conviction to the California State Bar Association within 30 days of this judgement and provide proof of reporting to the Probation Officer; and

8. The defendant shall report his conviction to the California Department of Real Estate within 30 days of this judgement and provide proof of reporting to the Probation Officer.

9. 9. The defendant shall apply all monies received from income tax refunds, lottery winnings, inheritance, judgements and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation.

It is further ordered that the defendant surrender himself to the institution designated by the Bureau of Prisons on or before 12 noon, on June 1, 2012. In the absence of such designation, the defendant shall report on or before the same date and time, to the United States Marshal located at the United States Court House, 411 West Fourth Street, Santa Ana, California 92701-4516.

The Court gives its strongest recommendation that the defendant be housed at a suitable facility as close to Southern California as possible.

| USA vs. GERALD L WOLFE | Docket No.: SACR 10-191-AG |
|---|---|

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| April 16, 2012 | *[signature]* |
|---|---|
| Date | U. S. District Judge Andrew J. Guilford |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

| April 16, 2012 | By | L. Bredahl |
|---|---|---|
| Filed Date | | Deputy Clerk |

---

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

USA vs. __GERALD L WOLFE__                                        Docket No.: __SACR 10-191-AG__

| X | The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below). |

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
   Private victims (individual and corporate),
   Providers of compensation to private victims,
   The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure; and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

USA vs. GERALD L WOLFE            Docket No.: SACR 10-191-AG

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____ By _____
Date                 Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____ By _____
Filed Date           Deputy Clerk

---

### FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____       _____
         Defendant                             Date

_____       _____
U. S. Probation Officer/Designated Witness      Date